**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| CURTIS JAMES MAXWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>LINN COUNTY CORRECTIONAL CENTER, UNKNOWN BOOKING OFFICER, UNKNOWN OFFICER, OFFICER #122, UNKNOWN LIEUTENANT, OFFICER #219, MELISSA FEGAN, FERRON COUNTENTOS, DR. BRADFORD WISNOUSKY, DR. B. BRAKSIEK, REBECCA HAMMOND, DONNA ARMSTRONG, SHERIFF OF LINN COUNTY, CHIEF ADMINISTRATOR,<br><br>    Defendants. | No. C09-0022-LRR<br><br>INITIAL REVIEW ORDER |

       This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff submitted such application on February 20, 2009. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983.

       Given the record, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. The plaintiff shall submit $10.00 as his initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2). *See also* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). The agency having custody of the plaintiff shall forward payments from his inmate account to

the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

Clearly, this action is related to *Maxwell v. Linn County Correctional Center*, C07-0018-LRR (N.D. Iowa 2007). In his complaint, the plaintiff acknowledges his prior action, and the claims in the instant action are nearly identical to the ones he asserted in the prior action. The res judicata doctrine applies to repetitive suits involving the same cause of action. *See C.I.R. v. Sunnen*, 333 U.S. 591, 597, 68 S. Ct. 715, 92 L. Ed. 898 (1948). Final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981). When barring a party from asserting a claim, a court must consider: 1) whether the prior judgment was entered by a court of competent jurisdiction; 2) whether the prior decision was a final judgment on the merits; 3) whether the same cause of action and the same parties or their privies were involved in both cases. *Yankton Sioux Tribe v. United States HHS*, 533 F.3d 634, 639-41 (8th Cir. 2008); *Lundquist v. Rice Mem. Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001) (citing *Murphy v. Jones*, 877 F.2d 682, 684 (8th Cir. 1989)). If those elements are met, the parties are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *C.I.R.*, 333 U.S. at 597. Here, all of the elements for the application of the res judicata doctrine are met. Accordingly, the plaintiff's claims are barred by the res judicata doctrine.

Moreover, the applicable statute of limitations is the period governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); *see also City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5, 125 S. Ct. 1453, 161 L. Ed. 2d 316 (2005) (reaffirming that the statute of limitations for a 42 U.S.C. § 1983 claim is generally the applicable state-law period for personal-injury torts); *Wycoff v. Menke*, 773 F.2d 983, 984-87 (8th Cir. 1985) (finding it appropriate to apply

Iowa's personal injury statute of limitations to actions brought under 42 U.S.C. § 1983). In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code § 614.1(2). Such "'statute of limitations begins to run when the injured person discovers or in the exercise of reasonable care should have discovered the allegedly wrongful act'". *Roth v. G.D. Searle & Co.*, 27 F.3d 1303, 1306 (8th Cir. 1994) (quoting *Franzen v. Deere & Co.*, 377 N.W.2d 660, 662 (Iowa 1985)); *see also Richmond v. Clinton County*, 338 F.3d 844, 847 (8th Cir. 2003) (relying on *Roth*, 27 F.3d at 1306). The plaintiff did not file the instant complaint in a timely manner; the plaintiff sustained an injury on August 25, 2006 and he filed the instant action on February 17, 2009. Accordingly, the applicable statute of limitation bars the plaintiff's action.

For the foregoing reasons, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis is granted.

(2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

(3) The agency having custody of the plaintiff is directed to submit $10.00 as his initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid.

(4) The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

(5) The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) and/or 28 U.S.C. § 1915A(b)(1).

(6) The dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 2nd day of March, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:   WARDEN/ADMINISTRATOR
      FCI Greenville, Greenville, Illinois

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Curtis James Maxwell, #09667-029, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Maxwell v. Linn County Correctional Center, et al.*, Case No. C09-0022-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the prisoner's account information, the court has assessed an initial partial filing fee of $10.00, which the inmate must pay now to the Clerk of Court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). If the inmate currently does not have sufficient funds to pay the initial partial filing fee, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

s/Karen S Yorgensen, Deputy
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa